JAMES ANDREW CLIMENHAGE AND DONNA HELEN CLIMENHAGE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Climenhage v. Commissioner
Docket No. 25433-90
United States Tax Court
T.C. Memo 1993-223; 1993 Tax Ct. Memo LEXIS 222; 65 T.C.M. (CCH) 2736; May 20, 1993, Filed *222 Decision will be entered under Rule 155. James Andrew Climenhage, pro se. For respondent: Willie Fortenberry. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a $ 22,781.34 deficiency in petitioners' Federal income tax for taxable year 1984 and additions to tax of $ 5,695.34 for failure to file under section 6651(a)(1), $ 1,139.07 for negligence under section 6653(a)(1), 50 percent of the interest due on $ 22,781.34 for negligence under section 6653(a)(2), and $ 5,695 for substantial understatement under section 6661. Petitioners bear the burden of showing respondent's determinations are erroneous. Rule 142(a). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions by both parties which will be given effect in the Rule 155 computation, the issues for decision for taxable year 1984 are: (1) Whether damages received by petitioners as a result of a lawsuit are includable in gross income as determined by respondent. We hold that they are. (2) Whether petitioners are liable for *223 the addition to tax under section 6651(a)(1) for willful failure to timely file a tax return. We hold that they are. (3) Whether petitioners are liable for additions to tax under section 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations. We hold they are not. (4) Whether petitioners are liable for the addition to tax under section 6661 for substantial understatement of income tax. We hold that they are. FINDINGS OF FACT Petitioners resided in Altamonte Springs, Florida, at the time they filed the petition in this case. Petitioners are married and filed a joint Federal income tax return for taxable year 1984. Petitioners are Canadian citizens and legal residents of the United States. References to petitioner in the singular refer to James Andrew Climenhage. Marine Colony Associates
In November 1979, petitioner entered into a contract with Marine Colony Associates (Marine Colony) whereby he agreed to serve as the manager and superintendent of property owned by Marine Colony. Marine Colony, a Florida general partnership, consisted of 13 separate Florida corporations. Petitioner was primarily responsible for renovating apartment units *224 and converting them into condominium units. Petitioner was also responsible for establishing a marketing and sales strategy for the condominium units and for staffing the sales office. Additionally, petitioner was required to develop a rental program for the apartment units until such time as they were sold as condominiums in order to meet the mortgage payments and other expenses. Marine Colony agreed to pay petitioner 12.5 percent of the pretax profit realized from the ultimate sale of condominium units which were located in Pompano Beach, Florida. In the meantime, petitioner took loans against the future profits as salary. Marine Colony and petitioner entered into an agreement whereby petitioner was not to receive a salary but was instead to take loans against his share of the future profits which he would ultimately receive upon completion of the project. Lawsuit
Marine Colony ceased developing the property at Pompano Beach before the renovation was complete and the units sold, and as a result, petitioner did not receive any further sums under his contract. By letter dated September 9, 1981, petitioner advised James Gutmann, managing agent of Marine Colony, that he *225 had received neither his salary for 3 months nor the remuneration due him and made a demand for such. Petitioner failed to obtain satisfaction on his contract and sued Marine Colony to recover the sum which he would have received if the development had continued. In 1984, petitioner received a jury award of $ 119,910.90, including costs and interest. Deficiency
When petitioners filed their tax returns for 1979 through 1981, they reported no income because they believed that petitioner had received loans which were not taxable. Petitioners were audited for taxable years 1979 though 1981, and respondent determined that the amounts petitioner received as so-called loans were in fact salary and therefore taxable. Petitioners filed their 1984 joint Federal income tax return on January 16, 1986. Petitioners did not include on their return any sums received as the result of petitioner's lawsuit. Petitioners had income for taxable year 1984 in addition to the damages received by petitioner. Petitioner was told by his attorney, Joel Kenwood, who handled the lawsuit against Marine Colony, that the damages received by petitioner were not taxable. As a result of this advice, petitioners *226 did not report such. Respondent determined the damages were taxable income which petitioners failed to report in 1984. OPINION The first issue for our consideration is whether damages received by petitioner as a result of his lawsuit against Marine Colony are includable in gross income as determined by respondent. Petitioners contend the jury award was based upon personal injury within the meaning of section 104(a)(2); therefore, the award is excludable from gross income. Section 104(a)(2) provides that gross income does not include the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness. The Supreme Court held in , that only damages received on account of a claim which redresses a tortlike personal injury are excludable under section 104(a)(2). Petitioner sued Marine Colony for damages in order to recover the remuneration he would have received had the contract been fully performed. The damages petitioner received as a result of this suit were therefore based upon a contract claim, *227 not upon a claim for a tortlike personal injury. Petitioners failed to meet their burden of proof; therefore, we sustain respondent's determination on this issue. The second issue for our consideration is whether petitioners are liable for the addition to tax under section 6651(a)(1) for willful failure to timely file a tax return. Section 6651(a)(1) imposes an addition to tax in an amount equal to 5 percent of the amount required to be shown as tax on a return for each month or fraction thereof for which a return is not filed, not to exceed 25 percent in the aggregate. The addition to tax under this section does not apply if the taxpayer establishes the failure to timely file was due to reasonable cause and not due to willful neglect. The burden of proof is on petitioner to show the failure is due to reasonable cause and not willful neglect. Sec. 6651(a)(1); . Whether the late filing of an income tax return is due to reasonable cause or willful neglect is a question of fact. , affg. on this issue . *228 In the instant case, petitioners failed to timely file a tax return for 1984 and have not presented sufficient evidence to meet their burden of proving that this failure to timely file was due to reasonable cause and not willful neglect. The addition to tax under section 6651(a)(1) as determined by respondent is sustained. The third issue for our consideration is whether petitioners are liable for the additions to tax under section 6653(a)(1) and (2) for negligence or intentional disregard of rules or regulations. Section 6653(a)(1) provides for an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or an intentional disregard of rules or regulations. Section 6653(a)(2) provides for an additional amount to be added to the addition to tax under section 6653(a)(1) equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. For purposes of section 6653(a), negligence is defined as a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . *229 In the instant case, we find that petitioner was told by his attorney the damages he received were not taxable, and as a result of this advice, did not report such. Respondent argues petitioners should have sought the additional advice of a tax attorney or accountant with respect to the damages, and therefore should not have relied on the advice of petitioner's attorney. This Court wonders how many attorneys one is required to seek in order that one may get the correct advice. Petitioner expressly asked his attorney for advice with respect to the taxability of the damages, and his attorney rendered advice being aware of all relevant facts. The Supreme Court, in , stated the following: When an accountant or attorney advises a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney. To require the taxpayer to challenge the attorney, to seek a "second opinion," or to try to monitor counsel on the provisions of the Code himself would *230 nullify the very purpose of seeking the advice of a presumed expert in the first place. * * *
Respondent also points to the fact petitioners were negligent with respect to their returns for the years 1979 though 1981. Although a taxpayer had been negligent with respect to some prior year, it does not necessarily and automatically follow that he or she has been negligent with respect to any or all subsequent years. In the prior years, petitioner filed the returns himself reporting that petitioners had no income because he believed that his advances toward future profits were loans and not salary. Unlike taxable year 1984, there is no indication from the record that petitioner sought any professional advice with regard to the prior taxable years. We find that petitioners reasonably relied upon the advice of petitioner's attorney and were not negligent with respect to taxable year 1984. Accordingly, we find that petitioners are not liable for the additions to tax under section 6653 as determined by respondent. The fourth issue for our consideration is whether petitioners are liable for the addition to tax under section 6661 for a substantial understatement. Section 6661(a) *231 provides that if there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement. Section 6661(b)(1)(A) provides that for individuals, an understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year, or $ 5,000. Although petitioners have been relieved of the addition to tax due to negligence under section 6653, they remain liable for the section 6661 addition to tax for a substantial understatement. The legislative history of section 6661 indicates that in circumstances where taxpayers have been relieved of the addition to tax for negligence under section 6653, due to reliance upon their attorney's advice, they nonetheless remain liable for the addition to tax under section 6661 if applicable. [1] Accordingly, the addition to tax under section 6661 as determined by respondent is sustained.
*232 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. S. Rept. 97-494, at 273 (1982); see also .↩